

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21707-CIV-HUCK/SIMONTON

FEDERAL INSURANCE COMPANY,

    Plaintiff,

vs.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG, P.A.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court upon Defendant's Motion to Strike [D.E. #9], filed on September 11, 2006. In this case, Defendant, National Union Fire Insurance of Pittsburg, PA ("National Union"), provided umbrella insurance coverage for Cox Enterprises, Inc. ("Cox"). Plaintiff, Federal Insurance Company ("Federal"), provided excess insurance coverage for Cox. In its Amended Complaint, Federal has brought claims of bad faith and equitable subrogation against National Union. In paragraph 59 of Plaintiff's Amended Complaint, Federal asserts that it is entitled to recover attorney's fees under Fla. Stat. §627.428. National Union has moved to strike that claim pursuant to Federal Rule of Civil Procedure 12(f). § 627.428 states in relevant part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. Fla. Stat. § 627.428(1).

National Union seeks to strike Federal's request for attorney's fees because Federal is neither an "insured" nor a "named beneficiary" entitled to recovery under § 627.428. Thus, the only issue before the Court is whether an excess insurer constitutes an "insured" or a "named beneficiary" under § 627.428. There is a recognized split of authority on this issue in Florida. *See Essex*

*Builders Group, Inc. v. Amerisure Ins. Co.*, 429 F. Supp. 2d 1274, 1290 (M.D. Fla. 2005).

The Court need not make an immediate determination of whether attorney's fees are recoverable. Indeed, if and when the issue appears more squarely before the Court in this matter, the Florida Supreme Court may have resolved the split of authority. Moreover, the presence of paragraph 59 in Plaintiff's Amended Complaint does not appear to constitute "redundant, immaterial, impertinent, or scandalous" material that will prejudice the Defendant. Accordingly, the Court will defer ruling on the issue of attorney's fees. Having considered the motion and being otherwise duly advised in the premises, it is hereby

ORDERED that the motion is **DENIED**.

DONE and ORDERED in Chambers at Miami, Florida this 5th day of October, 2006.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record